TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
JONATHAN GALATZAN
Assistant United States Attorney
Chief, Asset Forfeiture Section
VICTOR A. RODGERS (Cal. Bar No. 101281)
MAXWELL COLL (Cal. Bar No. 312651)
Assistant United States Attorneys
Asset Forfeiture/General Crimes Sections
    Federal Courthouse, 14th Floor
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2569/1785
    Facsimile: (213) 894-0142/0141
    E-mail: Victor.Rodgers@usdoj.gov
        Maxwell.Coll@usdoj.gov

Attorneys for Respondent
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| IN RE RETURN OF PROPERTY SEIZED FROM THE USPV SAFE DEPOSIT BOX(ES) OF MICHAEL GALLAGHER,<br><br>_____<br><br>PETER GALLAGHER, personal representative for the Estate of Michael Gallagher,<br><br>      Movant,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>      Respondent.<br>_____ | Case No. CV 21-5073-RGK(MARx)<br><br>**ANSWER OF RESPONDENT UNITED STATES OF AMERICA TO MOVANT'S MOTION FOR RETURN OF PROPERTY PURSUANT TO FED. R. CRIM. P. 41(g), WHICH IS TREATED AS A COMPLAINT** |

Respondent United States of America ("Respondent") answers the motion for return of property (the "complaint/return motion") pursuant to Fed. R. Crim. P. 41(g) filed by movant

Peter Gallagher, personal representative for the Estate of Michael Gallagher, which is to be treated as a complaint,[1] and alleges as follows:

    1.   Denies the allegations set forth in the first paragraph of the Introduction section of the complaint/return motion, except admits that the parties are trying to make a determination regarding this issue.  The boxes involved are not identified in the complaint/return motion and the moving party does not know what boxes belong to Michael Gallagher.  See complaint/return motion at 5:7-11.

    2.   Denies knowledge or information sufficient to form a belief regarding the allegations in the second paragraph of the Introduction section because it is unclear what property is involved in this matter.

    3.   Denies knowledge or information sufficient to form a belief regarding the allegations set forth in the first paragraph of the Statement of Facts at 2:16-22, except admits that USPV operated a private safe deposit box facility.

    4.   Alleges that the allegations in the second paragraph of the Statement of Facts at 2:23-27 sets forth legal argument, for which no response to a complaint is required.

---

[1] Because Movant is not a defendant in any pending criminal action, Ninth Circuit precedents provide that a movant's motion for return of property be treated as a civil complaint governed by the Federal Rules of Civil Procedure.  Kardoh v. United States, 572 F.3d 697, 702 (9th Cir. 2009) ("Because there were no criminal proceedings pending, the motion [filed by movant pursuant to Rule 41(g)] should have been treated as a civil complaint governed by the Federal Rules of Civil Procedure") (citations omitted); United States v. Ibrahim, 522 F.3d 1003, 1007 (9th Cir. 2008) ("Because there were no criminal proceedings pending at the time of filing, the district court properly treated the motion as a civil complaint governed by the Federal Rules of Civil Procedure") (citation omitted); United States v. Ritchie, 342 F.3d 903, 906-907 (9th Cir. 2003) (same).

    5. Alleges that the allegations in the third paragraph of the Statement of Facts at 2:27-3:26 sets forth legal argument, for which no response to a complaint is required.

    6. Denies the allegations in the fourth paragraph of the Statement of Facts at 3:27-4:7, except admits that a sign posted at USPV provided a website whereby persons could submit a claim to their property.

    7. Denies the allegations in the fifth paragraph of the Statement of Facts at 4:8-23, except admits that various notices were sent and publications were made, which documents speak for themselves.

    8. Denies knowledge or information sufficient to form a belief regarding the allegations set forth in the sixth paragraph of the Statement of Facts at 4:24-5:6.

    9. Denies knowledge or information sufficient to form a belief regarding the allegations set forth in the seventh paragraph of the Statement of Facts at 5:7-13.

    10. Denies knowledge or information sufficient to form a belief regarding the allegations set forth in the eighth paragraph of the Statement of Facts at 5:14-18.

    11. Denies knowledge or information sufficient to form a belief regarding the allegations set forth in the ninth paragraph of the Statement of Facts at 5:19-27.

    12. Alleges that the allegations in the first paragraph of the Argument Section at 6:4-10 sets forth legal argument, for which no response to a complaint is required.

13. Alleges that the allegations in the second paragraph of the Argument Section at 6:11-22 sets forth legal argument, for which no response to a complaint is required.

14. Alleges that the allegations in the third paragraph of the Argument Section at 6:23-7:15 sets forth legal argument, for which no response to a complaint is required.

15. Alleges that the allegations in the fourth paragraph of the Argument Section at 7:18-23 sets forth legal argument, for which no response to a complaint is required.

16. Alleges that the allegations in the fifth paragraph of the Argument Section at 7:24-8:6 sets forth legal argument, for which no response to a complaint is required.

17. Alleges that the allegations in the sixth paragraph of the Argument Section at 8:7-19 sets forth legal argument, for which no response to a complaint is required.

18. Alleges that the allegations in the seventh paragraph of the Argument Section at 8:20-28 sets forth legal argument, for which no response to a complaint is required.

19. Denies the allegations in the eighth paragraph of the Argument Section at 9:3-13, except admits that the Respondent government cannot identify which USPV boxes belong to Michael Gallagher.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

1. The complaint/return motion fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

2. The Court lacks subject matter jurisdiction over this action.

**PRAYER FOR RELIEF**

WHEREFORE, Respondent prays that movant take nothing by movant's complaint/return motion, that judgment be awarded in favor of Respondent dismissing movant's complaint/return motion with prejudice, that Respondent be awarded its costs of suit incurred herein, and that the Court award Respondent such other and further relief as may be appropriate.

DATED: September 23, 2021		TRACY L. WILKISON
					Acting United States Attorney
					SCOTT M. GARRINGER
					Assistant United States Attorney
					Chief, Criminal Division
					JONATHAN GALATZAN
					Assistant United States Attorney
					Chief, Asset Forfeiture Section


					_____/S/_____
					VICTOR A. RODGERS
					MAXWELL COLL
					Assistant United States Attorneys

					Attorneys for Respondent
					UNITED STATES OF AMERICA