LAW OFFICE OF ERIC HONIG
Eric Honig - CA Bar No. 140765
P.O. Box 10327
Marina del Rey, CA 90295
erichonig@aol.com
Telephone: (310) 699-8051
Fax: (310) 943-2220

Attorney for Movant Peter Gallagher,
Personal Representative for
the Estate of Michael Gallagher

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| IN RE RETURN OF PROPERTY SEIZED FROM THE USPV SAFE DEPOSIT BOX(ES) OF MICHAEL GALLAGHER, _____ PETER GALLAGHER, Personal Representative for the Estate of Michael Gallagher, Movant, v. UNITED STATES OF AMERICA, Respondent. | Case No. 21-cv-5073-RGK (MARx) **JOINT RULE 26(f) REPOR**T Scheduling Conference: DATE: November 29, 2021 TIME: 9:00 a.m. CTRM: 850 Roybal Fed. Bldg. |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 26-1, counsel for Movant Peter Gallagher, Personal Representative for the Estate of Michael Gallagher ("Peter"), and for Respondent United States of America ("the government") submit this Joint Rule 26(f) Report.

**A.     STATEMENT OF THE CASE**

This action was commenced on June 22, 2021.  Peter alleges the following:

On March 22, 2021, the government, through the Federal Bureau of Investigation ("FBI"), seized property from privately-held safe deposit boxes at the US Private Vault in Beverly Hills, California. The FBI started mailing such notices of seizure on or about May 20, 2021, including a global notice of the seizure of over 500 boxes of property sent to USPV's attorney. The FBI also published notices of box seizures on its government website, www.forfeiture.gov.

Peter personally maintained a safe deposit box at USPV, and received written notice from the FBI of the seizure of the property from his box. Michael Gallagher also maintained one or more safe deposit boxes at USPV and stored currency and other property there. The Gallaghers, like the other box holders, were provided keys to their personal box, and maintained exclusive control over their boxes thereafter until the seizures on March 22, 2021.

Michael, however, passed away in the State of Florida on November 4, 2020, about 4½ months before the seizures. A Florida state court appointed Peter as personal representative of the estate of his brother Michael. The contents of Michael's safe deposit boxes were included among the assets of the Estate.

Peter, on behalf of his brother's estate, searched for a record of any written notice of seizure that may have been sent by the FBI to his brother Michael, but has been unable to locate any such notices. He did find several safe deposit box keys, however he could not determine the box numbers that corresponded with the keys.

On June 21, 2021 Peter filed an administrative forfeiture claim with the FBI regarding the Estate's ownership of the contents of Michael's unidentified boxes. On September 16, 2021, the Gallaghers' attorney met with the FBI to try to match the keys to USPV boxes that had yet been connected to a particular name. At that time, the FBI was able to match one of Michael's keys, to USPV Box #2101.

Peter contends, however, that the FBI has not produced, but should produce all of the boxes for inspection that could potentially be matched with Michael's keys. For example, Peter located an envelope that contained keys and was marked

on the front with the numbers "2101" and "800." The number 2101 was the same number as the box that matched one of Michael's keys. Peter has specifically requested the government make box 800 available for him to attempt a match with one of Michael's keys, however the government has not yet acceded to that request. Peter is not expecting that the government should have to transport all of the boxes for him to attempt to match his keys, but simply is seeking to allow his attorney to bring the keys to wherever the boxes are being stored so as to observe the process of trying to match the keys to boxes.

Peter also is aware that, in addition to providing safe deposit box keys, USPV maintained both a biometric security system and surveillance video for security purposes, and also a chronological log of visits by box numbers, and that the FBI is in possession of these systems and evidence. Peter contends that these security systems also can be used to identify and verify which other safe deposit boxes Michael maintained.

Peter contends Michael's USPV safe deposit boxes held over $1 million. The currency, all of which was earned through legitimate sources, was kept in envelopes and/or bank bags. None of the currency or other property in the boxes was contraband or subject to forfeiture.

The government alleges the following: The plaintiff is Peter Gallagher, acting as the personal representative for the Estate of Michael Gallagher, his deceased brother. In that capacity, plaintiff has filed a Fed. R. Crim. P. 41(g) motion for return of property, which is treated as a complaint, alleging that Michael Gallagher maintained one or more safe deposit boxes at US Private Vaults ("USPV") where he allegedly maintained currency or property. But plaintiff/movant does not know what property, if any, was maintained in those boxes; nor does plaintiff/movant know the box number or anything else about the property plaintiff seeks to have returned. Accordingly, plaintiff/movant's motion/complaint for return of property is devoid of any detail whatsoever.

Instead, all movant/plaintiff knows and alleges is "he has located several of <u>what appear to be</u> USPV safe deposit box keys [but is] unable to determine the USPV box number(s) that correspond with the keys." Docket No. 1 (Motion for Return of Property at 12 (Peter Gallagher Decl. at ¶ 6 [docket no. 1-1]).

While the government attempted to accommodate plaintiff/ movant to try to match the keys, plaintiff/movant has requested that the government do more, essentially asking that the government make available a substantial number of boxes that have nothing to do with plaintiff/movant. Plaintiff/movant could easily move this matter along by simply providing the keys or copies thereof to the government so that the government could try to match the keys to any boxes the government has stored at a secure storage facility, but plaintiff/movant will not do so, and instead requests that a massive number of boxes be transported to a public location where they could be inspected in the presence of plaintiff/movant. Checking keys with individual boxes (including those that are completely empty that plaintiff/movant for some reason believes must be checked) is a massive undertaking requiring weeks of government personnel time, which government personnel would be devoted solely to that task alone. Finally, the government has filed an answer to plaintiff/movant's Rule 41(g) motion/complaint

### B.   SUBJECT MATTER JURISDICTION

The basis for subject matter jurisdiction is Federal Rule of Criminal Procedure 41(g).

### C.   LEGAL ISSUES

The Ninth Circuit treats a motion filed pursuant to Rule 41(g) as a civil complaint governed by the Federal Rules of Civil Procedure, where, as here, there are no pending criminal proceedings against the movant. *Kardoh v. United States*, 572 F.3d 697, 702 (9th Cir. 2009)

### D.   PARTIES, EVIDENCE, ETC.

The parties in the case are movant Peter Gallagher, Personal Representative

for the Estate of Michael Gallagher, and the respondent government. Movant's percipient witnesses and other evidence are expected to include members of Michael Gallagher's family and others with knowledge of his earnings, along with some of his personal effects and income-related documents.

### E. DAMAGES

Damages are not involved in this case. Movant is seeking return of currency and other property seized by the government.

### F. INSURANCE

Not applicable.

### G. MOTIONS

The parties do not anticipate filing motions seeking to add other parties, file amended pleadings, or transfer venue. Filing for class certification is not applicable.

### H. DISPOSITIVE MOTIONS

The parties may file motions for summary judgment and the government may file motions for judgment on the pleadings or motions to dismiss the action.

### I. MANUAL FOR COMPLEX LITIGATION

The parties do not believe that this case is sufficiently complex that the Manual for Complex Litigation should be utilized.

### J. STATUS OF DISCOVERY

Peter served interrogatories and a request for the production of documents on claimant on October 28, 2021. Peter may take the depositions of certain government agents and other percipient witnesses.

The government will serve discovery, as appropriate, based on the issues involved in this case, including depositions of movant/plaintiff and interrogatories and document requests.

### K. DISCOVERY PLAN

The parties do not believe that any changes should be made to the timing,

form, or requirement for disclosures under Fed. R. Civ. P. 26(a). The parties do not believe that discovery should be conducted in phases or be limited to or focused upon particular issues. The parties do not believe that changes should be made in the limitations, or that other limitations should be imposed, on the discovery imposed under the Federal Rules of Civil Procedure or the Local Rules. Both parties may file a motion for summary judgment and/or summary adjudication and the government may file motions for judgment on the pleadings and to dismiss this action.

### L.  DISCOVERY AND MOTION CUT-OFF

The parties propose a discovery cut-off date of March 18, 2022 and a motion cut-off date (last date to file) of May 3, 2022.

### M.  SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION

In the event that a resolution cannot be reached, the parties request that Settlement Procedure No. 1 be used, namely to appear before the Magistrate Judge in this case

### N.  TRIAL ESTIMATE

1. *Proposed Trial Date:* Proposed pretrial conference date is July 12, 2022 and trial date is August 3, 2022.

2. *Trial Estimate*: The parties estimate that the trial of this matter will take 1-2 court days.

3. *Jury or Court Trial:* The case will be tried before the Court.

4. *Magistrate Judge:* The parties do not agree to try the case before a Magistrate judge.

### O.  TRIAL COUNSEL

Eric Honig will try this case on behalf of Peter. Assistant United States Attorney Victor A. Rodgers will try this case on behalf of the government.

### P.  INDEPENDENT EXPERT OR MASTER

This is not a case where the Court should consider appointing a master

pursuant to Rule 53 or an independent scientific expert.

**Q. OTHER ISSUES**

a. *Severance*: The parties do not anticipate any issues of severance.

b. *Bifurcation*: The parties do not anticipate any issues of bifurcation.

c. *Manual for Complex Litigation*: The parties do not believe that this case is sufficiently complex that the Manual for Complex Litigation should be utilized.

DATED: November 17, 2021    Respectfully submitted,

                                             LAW OFFICE OF ERIC HONIG

                                             */s/ Eric Honig*
                                             _____
                                             ERIC HONIG
                                             Attorney for Movant Peter Gallagher,
                                             Personal Representative for
                                             the Estate of Michael Gallagher

DATED: November 17, 2021    TRACY R. WILKISON
                                             Acting United States Attorney
                                             SCOTT M. GARRINGER
                                             Assistant United States Attorney
                                             Chief, Criminal Division
                                             JONATHAN GALATZAN
                                             Assistant United States Attorney
                                             Chief, Asset Forfeiture Section

                                             */s/ Victor A. Rodgers*
                                             _____
                                             VICTOR A. RODGERS
                                             MAXWELL COLL
                                             Assistant United States Attorneys
                                             Attorneys for Respondent
                                             United States of America